No. 13,640.

NEWMYER *v.* NEWMYER.
(41 P. [2d] 294)

Decided February 4, 1935.

Messrs. Corlett & Corlett, Mr. Robert R. Tarbell, for plaintiff in error.

Mr. Ralph L. Carr, Mr. J. H. Thomas, Mr. Jean S. Breitenstein, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by plaintiff Alfred E. Newmyer against Mildred Newmyer, his sister-in-law, to recover on her promissory note to him as payee. This note, dated March 1, 1926, is for $15,000, payable five years after date. Thereafter in 1929, it was, by consent and agreement of the parties, altered, so the complaint says, by changing the due date thereof, March 1, 1931, to March 1, 1930. The defendant's motion to have the complaint made more specific was denied by the trial court. Thereafter several other motions and a general demurrer to the complaint were denied, whereupon the defendant filed her answer to the complaint, which contains among other defenses—and its resolution determines this controversy—one in which she alleges that after the execution and delivery of the note an alteration thereof by the plaintiff was wrongfully and without her consent made, as above stated, which constituted a material change and the note was thereby voided and the defendant Mildred's obligation to pay the same discharged. Plaintiff's replication, among other things, specifically alleges that such alteration by him of the note was at the time authorized by, consented to and thereafter ratified by, the defendant. The replication denied new matters in the answer. Trial was to the court without a jury and at the close of the testimony the trial court found

all the material facts in favor of the plaintiff Alfred and against defendant Mildred and gave judgment accordingly.

In the findings and judgment of the trial court we find the following: Plaintiff Alfred and defendant Mildred, several years before the present suit was instituted, had a dispute as to the ownership of certain properties of which each one claimed to be the sole owner. Plaintiff Alfred thereupon brought an action in the district court of Saguache County for an accounting against the defendant and her husband Frank Newmyer to determine such ownership. In her answer to Alfred's complaint Mildred set up as one defense that a certain promissory note—the one sued on in the present action—which theretofore as she now says had been altered, constituted and was a full defense to the complaint of Alfred.

The defendant Mildred in said accounting action introduced this note herein sued on, relying upon the same as a valid and existing obligation and got the judgment of the trial court that it was duly signed by her and constituted a valid claim against her. The trial court in the present action said, and we think properly, that she thereby ratified the alleged wrongful alteration of the note and is now estopped from questioning its validity in the pending action. And the trial court further said that since defendant Mildred in the present action got the benefit in the former accounting action of the promissory note, which she now seeks to repudiate, it constituted a valid claim against her. Plaintiff says, and we think rightfully so, that in the former accounting action brought by him, Alfred Newmyer, against the defendant Mildred, the trial court therein found that the promissory note here in suit was a complete defense to the accounting action and, therefore, based thereon, entered a judgment in favor of the defendant here, Mildred Newmyer, and her husband, and that by reason thereof the defendant Mildred claimed the benefits of said promissory note and ratified the same after its alteration and acquiesced in such alteration, and

she cannot in the present action be heard with her claim that the note in question is not a valid obligation against her. That the defendant Mildred, by reason of her own former voluntary conduct in the accounting action, may not now be heard to assert the invalidity of the note here in suit, we entertain no doubt. In the previous accounting action between her and the plaintiff all business transactions and controversies between them, including the giving of this note, the defendant thereby got the benefit of her claim then made that this note in suit here was a good and valid claim against her, the maker. She then knew, as she knows now, that the due date thereof was theretofore altered by shortening the time of its maturity one year. In the accounting suit she got the benefit to the extent of the amount of this note which she now assails as being of no value and that it may not in this suit be maintained against her. Having in the accounting suit between the same parties got the benefit of an offset against Alfred's valid claim against her to the full amount of this note, she may not now, as she attempts to do, repudiate her former attitude and be heard to say that the note against her is invalid.

The judgment of the district court is right, and it is therefore affirmed.